**TRANS-WORLD ASSURANCE COMPANY,**
**Plaintiff-Appellant,**

v.

**Milburn (Pete) McNABB,**
**Defendant-Appellee.**

Supreme Court of Tennessee,
at Nashville.

March 7, 1983.

R.R. Ruth, Jr., Luther, Anderson, Cleary & Ruth, Chattanooga, for plaintiff-appellant.

Robert J. Leiderman, Kelly, Leiderman, Cameron, Kelly & Graham, Jasper, for defendant-appellee.

OPINION

PER CURIAM.

This action was instituted by Trans-World Assurance Company, appellant here, for a declaratory judgment to determine whether its policy of insurance, in force at the time of an automobile accident on December 1, 1979, extended coverage and benefits in connection with that accident which occurred in the State of Georgia.

The defendant insisted, and both the Chancellor and Court of Appeals held, that the Tennessee courts lacked jurisdiction to render this declaratory judgment and that such a judgment could only be obtained in Georgia.

We reverse. Since 1943 this state has had the Uniform Judicial Notice of Foreign Laws Act. *See* T.C.A. §§ 24–6–201 to –207. Under the provisions of that statute every court of this state is required to take judicial notice of the common law and the statutes of every other state of the United States. The court is permitted to inform itself of those laws in such manner as it may determine, and may enlist the aid of counsel to obtain that information.

The insurance policy in the present case was issued in Tennessee to a Tennessee resident. The defendant is also a resident of the state. It appears to us to be beyond question that the courts of Tennessee have jurisdiction to entertain the declaratory judgment sought. T.C.A. § 29–14–103. No authority was cited by either court below to the contrary, nor do we deem that the doctrine of *forum non conveniens* requires that the Tennessee courts refrain from making the adjudication requested.

We express no opinion upon the merits of the insurer's claim. Nothing in the present

record demonstrates that the Tennessee law of torts, rather than the tort law of Georgia, is applicable in determining the insured's liability. Nor are we prepared to hold that the Georgia insurance statutes cited by the defendant have no application. These are matters which should be determined in the first instance by the trial court. It may be that additional evidence other than the brief stipulation alluded to in the Chancellor's decree will be necessary. Further, the terms of the policy itself, as well as the Georgia statutes, will need to be considered. The policy was not exhibited to the complaint or included in the record on appeal. We have no way of knowing its terms at this time. Accordingly we pass upon nothing except the question of jurisdiction. Specifically on this record we decline to entertain the second and third issues asserted in appellant's brief dated December 22, 1982.

On the other hand, it is neither novel nor unusual for the courts of this state to consider the laws of other American jurisdictions in rendering declaratory judgments and in deciding other types of cases. There do not appear to be any sharply disputed factual issues which might justify a trial court in declining to entertain a declaratory judgment as a matter of discretion, nor are any other suits pending in any other state, insofar as the record discloses, which might justify the Tennessee courts in withholding judgment pending the resolution of such actions.

In our opinion the courts of this state clearly have jurisdiction of this action and should entertain it. The judgments of the courts below are reversed and the cause is remanded for further proceedings at the cost of appellee.